**Alvin G. RANDOLPH, Appellant,**

v.

**CHESTER CARY & NECHES TITLE & TRUST CO., Appellees.**

No. 6838.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 8, 1966.

Rehearing Denied Oct. 5, 1966.

Jesse P. Cunningham, Beaumont, for appellant.

D. H. O'Fiel, McNicholas & Crawford, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action brought to recover a commission for the sale of a piece of real estate. Summary judgment was granted for both defendants. The parties will be referred to here as they were in the trial court.

Plaintiff alleged in his pleadings: That he was a licensed real estate broker. That he obtained a listing from Georgia Mae Moore, as administratrix of the Estate of Ben Moore, deceased, to obtain a purchaser for a certain tract of land described, for such terms and conditions as might be approved by the County Court of Jefferson County, where such estate was pending. That plaintiff as agent for the seller, on April 27, 1965 entered into a written contract with defendant Chester Cary to sell such land for $12,000.00, with $400.00 being paid on such purchase price. That under the agreement plaintiff had with his principal he was to receive as his commission all of the sales price over and above the sales price approved by the County Court, this being a "net listing". The sale was to be closed in the office of the defendant Neches Title and Trust Company and plaintiff notified the defendant that he was entitled to a commission of $1,775.00 when the sale was closed. That plaintiff was advised that this amount of money would be withheld for him. That when the sale was closed defendant Cary paid only $9,825.00 which was the amount set by the County Court.

Defendant Neches Title and Trust Company answered: That plaintiff had not alleged that he had an agreement in writing in order to recover a real estate commission as required by Sec. 28 of Art. 6573a, Vernon's Ann.Civ.St. That plaintiff had filed a written appraisal with the County Court dated May 26, 1965, stating that it was his opinion that the property was valued at $9,825.00, and further that he had no interest, direct or indirect in the appraised property.

Both defendants filed motions for summary judgment. Affidavits were made by the plaintiff and the defendant Cary. Judgment was entered that plaintiff take nothing and that on his cross-action Cary recover the $400.00 paid.

Section 28, Art. 6573a, V.A.C.S., provides:

"No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunder lawfully authorized."

Plaintiff neither alleged nor in his affidavit proved that he had a written contract or memorandum providing for his recovery of a commission for the sale of this land. Even though this action is not brought against the seller of the land, it is still based upon the recovery of a commission for the sale of land and is controlled by the statute above quoted. All of plaintiff's points are overruled.

Judgment affirmed.